**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leticia Estrada, | No. CV-21-01704-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Trans Union LLC and Experian Information Solutions, Inc.'s Joint Motion for a More Definite Statement (the "Motion"). (Doc. 35.) Plaintiff, Leticia Estrada, filed a Response, (Doc. 41), and Defendants replied, (Doc. 46). The Court has considered the pleadings and will deny Defendants' Motion.

**I.   BACKGROUND**

Plaintiff's First Amended Complaint ("FAC") brings claims against the three major credit reporting agencies ("CRAs") and their respective CEOs alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[1] (*See* Doc. 25 at 21–23 ¶¶ 7–12.)

**II.   DISCUSSION**

A party may move for a more definite statement under Rule 12(e), which requires the filing of an amended pleading where the initial pleading "is so vague or ambiguous that

---

[1] Plaintiff also sued the creditor and its CEO, but the Plaintiff moved to voluntarily dismiss those Defendants on February 27, 2022. (Doc. 54.)

the party cannot reasonably prepare a response." The rule "is designed to strike at unintelligibility, rather than want of detail." *Banks v. Lombardo*, No. 2:20-cv-00556-APG-NJK, 2021 WL 3549890, at *1 (D. Nev. Aug. 11, 2021) (quoting *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984)). "Motions for a more definite statement are disfavored and rarely granted." *Id.* (citing *Herd v. Cnty. of San Bernadino*, 311 F. Supp. 3d 117, 1162 (C.D. Cal. 2018)). Pro se pleadings are to be liberally construed in the Ninth Circuit. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

Defendants Motion for a More Definite Statement must be denied. First, Plaintiff's pro se filing must be liberally construed. While Plaintiff's FAC may not be well organized or detailed, the Court can generally tell who she is suing, why, and under which law. Second, the FAC is certainly not unintelligible. While it may lack detail, a motion for a more definite statement is not meant to strike at a lack of detail. *See Lombardo*, 2021 WL 3549890, at *1. Thus, the Court will deny Defendants' Motion.

**III. CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Defendants' Motion for a More Definite Statement. (Doc. 35.)

Dated this 12th day of July, 2022.

Honorable Susan M. Brnovich
United States District Judge

- 2 -