**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leticia Estrada, | No. CV-21-01704-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Craig Boundy and Christopher A. Cartwright's Joint Motion to Dismiss Plaintiff's First Amended Complaint ("MTD"). (Doc. 38.) Plaintiff, Leticia Estrada, filed a Response, (Doc. 43), and Defendants replied, (Doc. 45). Additionally, Defendant Mark Begor filed a Motion for Judgment on the Pleadings and Notice of Joinder in Co-Defendants Craig Boundy and Christopher A. Cartwright's MTD. (Doc. 47.) Plaintiff filed a Response. (Doc. 49.) Neither party requested oral argument, and the Court declines to hold oral argument, finding that it is unnecessary. *See* LRCiv. 7.2(f). The Court has considered the pleadings and relevant law and will grant Defendants' MTD and will deny Defendant Begor's Motion for Judgment on the pleadings as moot for the reasons discussed below.

**I.    BACKGROUND**

Plaintiff's First Amended Complaint ("FAC") brings claims against the three major credit reporting agencies—Equifax, Experian, and Trans Union (collectively, the "CRAs")—and their respective CEOs, alleging that Defendants violated the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Specifically, the FAC alleges that the CRAs failed to respond to communications or remove an errant account from Plaintiff's credit report.[1] (*See* Doc. 25 at 21–23 ¶¶ 7–12.) Plaintiff's FAC states that Plaintiff contacted Mark Begor and Equifax by mail on April 2, 2021 to dispute an errant account on her credit report. (Doc. 25 at 21 ¶ 7.) Plaintiff allegedly sent Mr. Begor a copy of a letter that was sent to the creditor as well as a "Removal of Errant Account/Dispute" request. (*Id.*) Despite receiving Plaintiff's letter of dispute on April 7, 2021, Plaintiff alleges that Mr. Begor and Equifax did not remove the allegedly errant account. (*Id.*) Plaintiff allegedly sent similar letters to Mr. Boundy and Experian, as well as Mr. Cartwright and Trans Union, but the allegedly errant account was never removed from Plaintiff's credit report even though the letters were received. (*Id.* at 23–25 ¶¶ 8–9.) Despite Plaintiff's claims that the account is erroneous, the CRAs have confirmed that they are correctly reporting the account on Plaintiff's credit report. (*Id.* at 25 ¶ 12.)

Plaintiff brings a claim against each of the CRAs and their respective CEOs for violation of the FCRA, alleging that the CRAs willful refusal to delete or remove an unverified account and willful ignorance of Plaintiff's notice and dispute to remove an errant account violate the FCRA's reasonable procedures section, 15 U.S.C. § 1681e(b). (*Id.* at 35–39.)

Defendants Boundy (CEO of Experian) and Cartwright (CEO of Trans Union) filed their MTD arguing that Plaintiff's claims against the CEO Defendants must be dismissed for insufficient service of process pursuant to Rule 12(b)(5) and that Plaintiff's FAC fails to support a plausible claim against the CEO Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Mark Begor (CEO of Equifax) filed a Motion for Judgment on the Pleadings in which he joined in Defendants Boundy and Carwright's MTD. (Doc. 47.)

## II. LEGAL STANDARD

### A. Rule 12(b)(5) Standard

Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient

---

[1] Plaintiff also sued the creditor, Midland Credit Management, Inc., and its CEO, but the Plaintiff moved to voluntarily dismiss those Defendants on February 27, 2022. (Doc. 54.)

- 2 -

service of process. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with Rule 4's requirements, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

**B. Rule 12(b)(6) Standard**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at

557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### C. Rule 12(c) Standard

Rule 12(c) states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court's analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because, under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012). "As with a motion to dismiss, a court must assume that the non-moving party's allegations are true and must draw all reasonable inferences in its favor." *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2020 WL 1033156, at *2 (D. Ariz. Mar. 3, 2020) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Id.* (quoting *Moran v. Peralta*

*Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).

## III. DISCUSSION

Because Defendant Begor joins in the MTD, (Doc. 47 at 2), and because the standards for analyzing a motion to dismiss and motion for judgment on the pleadings are the same, the Court will analyze the motions together. The Court will analyze each of the arguments in the MTD in turn.

### A. Rule 12(b)(5) Arguments

Defendants first argue that Plaintiff's claims against the CEO Defendants should be dismissed due to insufficient service of process. Defendants argue that Plaintiff served the registered agents for the CRAs and did not personally serve the CEOs themselves. (Doc. 38 at 5.) This, Defendants claim, is insufficient for service of process of an individual under Rule 4(e) and the laws of the states where the CEOs are located. (*Id.* at 6.)

In response, Plaintiff argues that Mr. Boundy's attorney emailed her on November 2, 2021 telling her that Mr. Boundy was willing to waive service, (Doc. 43 at 2), and that process servers completed service on the CRA CEOs by executing service on their respective corporate offices. (*Id.* at 3.)

In their Reply, Defendants explain that despite initially agreeing to waive service of process, no waiver was ever in effect because Plaintiff failed to follow up to the email from Mr. Boundy's counsel. (Doc. 45 at 3, 7–12.)

Here, Plaintiff has failed to personally serve the CEO Defendants. Pursuant to Rule 4(e), an individual person located in the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made," or by (1) "delivering a copy of the summons and complaint to the individual personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Defendants assert that the laws of Arizona, California, and Illinois do not allow service of process of an individual

through the registered agent of the company that employs the individual. Plaintiff has not shown otherwise. Undisputedly, Plaintiff attempted to serve the CEOs by having a copy of the summons and complaint delivered to the corporate office of the company for which each CEO worked. (*See* Doc. 43 at 2–3; Doc. 15.) But this is not sufficient for serving an individual defendant within the United States. *See* Fed. R. Civ. P. 4(e). Furthermore, while the statutory agents served were authorized to accept service of process on behalf the corporations, there is no proof that they were authorized to accept service on behalf of the individual CEOs. Thus, the CEO Defendants were not properly served in their individual capacities.

Plaintiff has failed to substantially comply with Rule 4(e) by failing to serve the CEO Defendants individually, and no CEO Defendant effectively waived service. Accordingly, the Court does not have jurisdiction over the CEO Defendants in this case. *See Benny*, 799 F.2d at 492 ("[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.") (internal quotation marks omitted); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Thus, the Court is without jurisdiction over the CEO Defendants. Even if the Plaintiff had properly served the CEO Defendants, Plaintiff's claims against them fail for other reasons as discussed further below.

### B. Rule 12(b)(6) Arguments

Defendants next argue that "Plaintiff does not allege any facts in her FAC that, if accepted as true, would subject the CEO Defendants to liability under the FCRA." (Doc. 38 at 6.)

The FCRA states:

> It is the purpose of this subchapter to require that *consumer reporting agencies* adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

>which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added). The Act defines "consumer reporting agency as:

>[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). A "person" is defined by the Act as "any partnership, corporation, trust, estate, cooperative, association, government, or government subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). The portion of the Act under which Plaintiff attempts to hold the CEO Defendants liable—the reasonable procedures section—states, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

Generally, "individual defendants cannot be held liable solely because they are chief executive officers for the corporate defendants." *McNack v. Smith*, No. 2:14-cv-04810-CAS(SPx), 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (quoting *Sloan v. TransUnion, LLC*, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010)). "Instead, [c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the guiding spirit behind the wrongful conduct … or the central figure in the challenged corporate activity." *Id.* (quoting *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 532 n. 10 (9th Cir. 1989)) (internal quotation marks omitted).

Here, the CEO Defendants are not CRAs for the purposes of the FCRA but are merely officers of the CRAs themselves. The FAC contains no allegations which would

allow the Court to find that the CEOs are themselves CRAs. Furthermore, the allegations in the FAC do not allege that the CEOs took actions individually which led to the CRA violations. Instead, the allegations merely conflate the CEOs with the CRAs themselves. This is insufficient for the Court to find liability on behalf the CEO Defendants individually. Additionally, no allegations in the FAC allege that CEOs were the "guiding spirits" behind the conduct that allegedly caused the FCRA violations.

Accordingly, Plaintiff has not alleged sufficient facts to hold the CEO Defendants liable under the FCRA. The Court's conclusion is in accord with other decisions to examine that have examined the issue. *See, e.g.*, *Bath v. Boundy*, No. 18-CV-00384-RBJ-STV, 2018 WL 3382934, at *3 (D. Colo. June 12, 2018), *report and recommendation adopted*, No. 18-CV-00384-RBJ, 2018 WL 4368677 (D. Colo. Aug. 6, 2018) (dismissing FCRA claim against Mr. Boundy where it was unclear whether plaintiff was alleging that Mr. Boundy personally engaged in the activities alleged or whether the corporate entity took the actions). Thus, the Court will grant Defendants' Motion to Dismiss under Rule 12(b)(6).

### C. Leave to Amend

When granting a 12(b)(6) motion to dismiss, district courts should grant leave to amend unless it is "absolutely clear" that the plaintiff cannot cure its deficiencies by amendment. *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (holding that a pro se litigant must be given leave to amend his or her complaint if it appears at all possible that the plaintiff can correct the deficiencies in the complaint). Here, it is absolutely clear that Plaintiff cannot cure the deficiencies in her FAC against the individual CEO Defendants. Accordingly, the Court declines to grant the Plaintiff leave to amend her FAC.

## IV. CONCLUSION

The Court does not have jurisdiction over the CEO Defendants because Defendant failed to properly serve them. Even if this were not so, Plaintiff's FAC does not allege valid claims under the FCRA against the CEO Defendants. Thus, the Court will dismiss

Plaintiff's FAC.  Because Defendant Begor joined in Defendants' MTD, the Court will grant the MTD as to all of the CEO Defendants and will deny Defendant Begor's Motion for Judgment on the Pleadings as moot.  Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss, (Doc. 38), and dismissing Plaintiff's First Amended Complaint against Defendants Boundy, Cartwright, and Begor, with prejudice.

**IT IS FURTHER ORDERED** denying Defendant Begor's Motion for Judgment on the Pleadings, (Doc. 47), as moot.

**IT IS FURTHER ORDERED** denying as moot Defendant Begor's request to respond to any of Plaintiff's remaining claims within fourteen (14) days of this Order.

Dated this 12th day of July, 2022.

Honorable Susan M. Brnovich
United States District Judge